Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELAINE LOPES,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **PREMIERE CREDIT OF NORTH AMERICA, LLC,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Elaine Lopes ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Premiere Credit of North America, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. In March, 2010 Defendant began contacting Plaintiff on an alleged debt for a student loan from thirty-two (32) years ago.

6. Plaintiff received a letter from Defendant dated March 5, 2010, wherein the alleged debt was stated as $2503.19, where the principal was stated as $639.38 and the interest was stated as $1374.01.

7. Plaintiff received a letter from Defendant dated March 10, 2010, wherein the alleged debt was stated as $2504.08, where the principal balance was stated as $639.08 and the interest was stated as $1374.52.

8. Plaintiff received a letter from Defendant dated March 11, 2010, wherein the alleged debt was stated as $2504.08, where the principal balance was stated as $639.08 and the interest was stated as $1374.76.

9. Plaintiff received two calls from Defendant on March 16, 2010. The first call, to her home phone, was received at 8:20 a.m. Defendant did not identify themselves, but requested Plaintiff call them back. The second call was made to Plaintiff on her cell phone at 9:30 a.m. and again no name was stated by Defendant.

10. Plaintiff received three calls from Defendant on March 18, 2010. Defendant called Plaintiff at home at 8:30 a.m. and on her cell phone at 12:41 p.m. and 6:18 p.m. Defendant did not identify themselves on the voicemails, but requested a call back.

11. Plaintiff received another call from Defendant on her home number on March 20, 2010 at 10:27 a.m. Defendant did not identify themselves on the voicemail.

12. Plaintiff received three calls from Defendant on her cell phone on March 22, 2010. The calls were received at 8:27 a.m., 10:42 a.m., and 1:44 p.m.

Defendant did not identify themselves on any of the voicemails.

13. Plaintiff received a call on her cell phone from Defendant on March 24, 2010. The caller asked for Plaintiff by her first name, but did not identify himself. Plaintiff asked who was calling and the caller named the company. He did not provide his name to Plaintiff.

14. Plaintiff received two calls from Defendant on March 26, 2010. Defendant called at 11:34 a.m. and 2:16 p.m.

15. Finally, Plaintiff received a call from Defendant on March 30, 2010 at 1:49 p.m. and a call from Defendant on April 2, 2010 at 8:46 a.m.

16. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);
   c) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));
   d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));
   e) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));
   f) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)); and
   g) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and

to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

17. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1st day of June, 2010.

By: **s/Todd M. Friedman_____**
**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**